UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUINITA SANCHEZ and JOSE SANCHEZ,<br><br>Plaintiffs,<br><br>v.<br><br>BOSTON SCIENTIFIC CORPORATION,<br><br>Defendant. | No. 2:18-cv-02183-KJM-CKD<br><br><br>ORDER |

On July 18, 2018, this matter was transferred to this court from the Southern District of West Virginia for resolution by jury trial. ECF No. 101. On March 8, 2019, the court held a status conference in which the parties discussed outstanding matters requiring resolution prior to trial. Counsel Alan Lazar, Bradley Fagnani and Jeffrey Kuntz appeared for plaintiffs; counsel Eva Weiler appeared for defendant. In light of the parties' discussion, the court sets forth the following mid-litigation schedule.

Within twenty-one (21) days of the March 8, 2019 status conference, the parties shall meet and confer and file a joint statement advising the court of the scope of any outstanding discovery issues, including any remaining *Daubert* motions requiring resolution prior to trial. Within fourteen (14) days of the March 8, 2019 status conference, the parties shall make the equivalent of initial disclosures as required by Federal Rule of Civil Procedure 26(a).

1

In the meantime, a final pretrial conference is set for **June 28, 2019 at 10:00 AM**. At least one of the attorneys who will conduct the trial for each of the parties shall attend the final pretrial conference. If by reason of illness or other unavoidable circumstance a trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the case and equal authorization to make commitments on behalf of the client. Counsel for all parties are to be fully prepared for trial at the time of the final pretrial conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. The parties shall confer and file a joint pretrial conference statement by **June 7, 2019**. The provisions of Local Rule 281 shall apply with respect to the matters to be included in the joint pretrial statement. In addition to those subjects listed in Local Rule 281(b), the parties are to provide the court with the following:

- A plain, concise statement that identifies every non-discovery motion previously tendered to the court and its resolution.

- A concise, joint list of undisputed core facts that are relevant to each claim. Disputed core facts should then be identified in the same manner. The parties are reminded not to identify every fact in dispute but only those disputed facts that are essential to the formulation of each claim. Each disputed fact and undisputed fact should be separately numbered or lettered. Where the parties are unable to agree on the core disputed facts, they should nevertheless list core disputed facts in the above manner.

- Concise lists of disputed evidentiary issues that will be the subject of a party's motion *in limine*.

- Each party's points of law, which concisely describe the legal basis or theory underlying their claims and defenses. Points of law should reflect issues derived from the core undisputed and disputed facts. Parties shall not include argument with any point of law; the parties may include concise arguments in their trial briefs.

- A joint statement of the case in plain concise language, which will be read to the jury during voir dire and at the beginning of the trial. The purpose of the joint statement is to inform the jury what the case is about.

- The parties' position on the number of jurors to be impaneled to try the case.

Discovery documents to be listed in the pretrial statement shall not include documents to be used only for impeachment and in rebuttal.

2

The parties are reminded that pursuant to Local Rule 281 they are required to attach to the final pretrial conference statement an exhibit listing witnesses and exhibits they propose to offer at trial. After the name of each witness, each party shall provide a brief statement of the nature of the testimony to be proffered. The parties may file a joint list or each party may file separate lists. These list(s) shall not be contained in the body of the final pretrial conference statement itself, but shall be attached as separate documents to be used as addenda to the final pretrial order.

Plaintiff's exhibits shall be listed numerically. Defendant's exhibits shall be listed alphabetically. The parties shall use the standard exhibit stickers provided by the court: pink for plaintiff and blue for defendant. In the event that the alphabet is exhausted, the exhibits shall be marked "AA-ZZ." However, if the amount of defendant exhibits exceeds "ZZ" exhibits shall be then listed as A-3, A-4, A-5 etc. All multi-page exhibits shall be stapled or otherwise fastened together and each page within the exhibit shall be numbered. The list of exhibits shall not include excerpts of depositions to be used only for impeachment. In the event that plaintiff(s) and defendant(s) offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is first identified. The court cautions the parties to pay attention to this detail so that all concerned, including the jury, will not be confused by one exhibit being identified with both a number and a letter. The parties are encouraged to consult concerning exhibits and, to the extent possible, provide joint exhibits, which shall be designated as JX and listed numerically, e.g., JX-1, JX-2.

The final pretrial order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the final pretrial order, and the parties are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the court's processes.

Counsel shall produce all trial exhibits to Casey Schultz, the Courtroom Deputy, no later than 3:00 p.m. on the Friday before trial.

Failure to comply with Local Rule 281, as modified by this order, may be grounds for sanctions.

The parties also are reminded that pursuant to Rule 16 of the Federal Rules of Civil Procedure it will be their duty at the final pretrial conference to aid the court in: (a) the formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) the settling of facts that should properly be admitted; and (c) the avoidance of unnecessary proof and cumulative evidence. Counsel must cooperatively prepare the joint final pretrial conference statement and participate in good faith at the final pretrial conference with these aims in mind.[1] A failure to do so may result in the imposition of sanctions which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the court deems appropriate.

<u>Concurrently with the filing of the joint final pretrial conference statement, counsel shall submit to chambers the word processable version of the Statement, in its entirety (including the witness and exhibit lists) to: kjmorders@caed.uscourts.gov</u>.

A jury trial, expected to last five (5) to ten (10) days, is set for **September 16, 2019 at 9:00 AM**. Trial briefs are due by **September 2, 2019**.

Further, in light of the parties' request at the status conference, a settlement conference is scheduled for **July 10, 2019 at 9:00 AM in Courtroom 25 before Magistrate Judge Kendall J. Newman**. The parties are instructed to have a principal with full settlement authority present for the settlement conference or to be fully authorized to settle the matter on any terms. The individual with full settlement authority to settle must also have unfettered discretion and authority to change the settlement position of the party, if appropriate. The purpose behind requiring attendance of a person with full settlement authority is that the parties view of the case may be altered during the face to face conference. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. The parties are directed to exchange non-confidential settlement conference statements **seven (7)**

---

[1] "If the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law," the court may summarily dispose of the case or claims. *Portsmouth Square v. Shareholders Protective Comm.*, 770 F.2d 866, 868–69 (9th Cir. 1985).

**days** prior to the settlement conference. These statements shall be simultaneously delivered to the court using the following email address: kjnorders@caed.uscourts.gov. These statements should not be filed on the case docket. If a party desires to share additional confidential information with the court, they may do so pursuant to the provisions of Local Rule 270(d) and (e).

IT IS SO ORDERED.

DATED: March 19, 2019.

_____
UNITED STATES DISTRICT JUDGE